IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUIS F. BALLESTEROS, #K64508, | CIV. NO. 20-00209 DKW-RT |
| Petitioner, | TRANSFER ORDER |
| vs. | |
| J. GASTELO, | |
| Respondent. | |

  Before the Court is Petitioner Luis F. Ballesteros' Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and in forma pauperis request.  ECF Nos. 1 and 2.  Ballesteros is confined in the California Men's Colony State Prison in San Luis Obispo, California.  He challenges the validity of his 1997 conviction and sentence imposed by the Superior Court of Riverside, State of California, in Cr. No. 69015, and the denial of a recent challenge to that conviction in "RIC 1902876." *See id.* at #2-3.

  Petitioner was not convicted nor is he incarcerated within the District of Hawaii.  *See* 28 U.S.C. § 2241(a).[1]  This District has no apparent relation

---

[1] "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district *wherein the restraint*

whatsoever to Petitioner's detention. Petitioner's challenge to his conviction or sentence is therefore more properly directed to "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). Petitioner was convicted in Riverside and is confined in San Luis Obispo, both of which are within the jurisdiction and venue of the United States District Court for the Central District of California.

Federal habeas corpus proceedings are governed by the statutes and rules that apply generally to civil litigation. *See, e.g.*, 28 U.S.C. § 2242 ("Application for a writ of habeas corpus . . . may be amended or supplemented as provided in the rules of procedure applicable to civil actions."); Rule 12, of the Rules Governing Section 2254 Cases in the United States District Court. Thus, the Petition is subject to the civil rules governing venue in civil litigation, including 28 U.S.C. §§ 1404 and 1406.

Section 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong

---

*complained of is had.*" 28 U.S.C. § 2241(a) (emphasis added).

division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Accordingly, in the interests of justice, this case is TRANSFERRED to the United States District Court for the Central District of California, where Petitioner was convicted and is confined.  The Clerk shall terminate any pending motions and close the file.

        IT IS SO ORDERED.

        DATED: May 8, 2020 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

Luis F. Ballesteros v. J. Gastelo; Civil No. 20-00209 DKW-RT; **TRANSFER ORDER**

*Ballesteros v. Gastelo*, 1:20-cv-00209 DKW-RT; trsf ven '20 (2254 trsf CA imp. venue)