**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS F. BALLESTEROS,<br><br>    Petitioner,<br><br>    v.<br><br>J. GASTELO, Warden,<br><br>    Respondent. | Case No. 5:20-cv-00995-JVS (AFM)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION** |

Petitioner, a state prisoner, is currently serving a sentence imposed by the Riverside County Superior Court as a result of his 1997 conviction of burglary and multiple counts of rape. On May 4, 2020, he filed this petition for a writ of habeas corpus challenging that conviction and sentence. (ECF No. 1.)

This is not Petitioner's first petition. He previously filed a habeas corpus petition in this Court challenging his 1997 conviction and sentence. Case No. 5:05-cv-01130-JVS(MLG).[1] On April 14, 2006, judgment was entered dismissing the petition with prejudice as untimely. Petitioner's requests for a certificate of appealability were denied both by this Court and by the Ninth Circuit.

---

[1] The Court takes judicial notice of Petitioner's other actions filed in this Court. *See* Fed. R. Evid. 201.

The prior dismissal of Petitioner's habeas corpus petition for failure to comply with the statute of limitation constitutes a dismissal on the merits and renders subsequent petitions second or successive under the AEDPA. *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over a successive petition. *See Magwood v. Patterson*, 561 U.S. 320, 330-331 (2010); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001). Furthermore, to the extent that Petitioner might contend that his petition meets an exception to the bar on successive petitions, his argument must first be presented to the Court of Appeals. [2]

IT THEREFORE IS ORDERED that this action be dismissed without prejudice for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 12, 2020

JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to Ninth Circuit Rule No. 22-3(a), when a request for authorization to file a successive petition is "mistakenly submitted" to a district court, it must be referred to the Ninth Circuit. Rule 22-3(a) also provides that a district court may refer such a petition to the Ninth Circuit when to so would serve the interests of justice. Neither circumstance is present in this case. Nevertheless, the Clerk is directed to mail petitioner a copy of Ninth Circuit Form 12 so that petitioner may file an application for leave to file a second or successive petition in the Court of Appeals.

2